## No. 5013.

(Court of Appeal, Parish of Orleans.)

## MRS. MARY KELLEY vs. ILLINOIS CENTRAL RAILROAD COMPANY.

Frank McGloin, J. J. McLoughlin for appellant.

Lemle & Saal for defendant and appellee.

ST. PAUL, J.—Plaintiff shipped a car load of household furniture over defendants railroad from Chatawa, Miss., to New Orleans. When received at Chatawa the

furniture was uncovered, and its condition might have been discovered by mere inspection. The bill of lading declared that it was in apparent good order and condition, and no exception of any sort appears even on the "way bill."

When delivered at New Orleans the furniture had been damaged by water. Defendant now contends that it was received during a spell of rainy weather and was wet when received.

In support of this contention defendant adduces the testimony of its agent, who issued the bill of lading acknowledging that the furniture was in good condition when received, but does not attempt to explain how he failed to perceive the wet condition of the furniture, or why he failed to make any mention thereof on the bill of lading and way bill.

There is also an effort to corroborate the testimony of the agent by that of a party who carted the furniture to the railroad depot. But the evidence of this one is uncertain, somewhat conflicting and evidently based in part on memoranda not kept by himself.

Opposed to this is the testimony of at least one disinterested witness, to the effect that all the furniture had been loaded into the car before any rain fell. Her testimony is straightforward and clear, and accords with all the probabilities and with the public records of weather conditions (produced subsequently to the giving of her testimony).

There was also some delay in forwarding the shipment and the bill of lading was long and minutely detailed. Our conclusion is that the delivery of the furniture, occupying three days, was concluded late on Saturday evening, the bill of lading being made out on the following Monday.

Sunday and Monday it rained, and defendant's wit-

nesses have doubtlessly accepted the date of the bill of lading as that on which the furniture was delivered.

The District Judge, who saw and partly heard the witnesses, gave judgment for defendant, and if plaintiff were required to make her case legally certain his conclusions would be entitled to great weight.

But plaintiff was under no such obligation. On the contrary, the recitals of the bill of lading were **prima facie** proof in her favor and the burden was on defendants to show, by a clear preponderance of evidence, that those recitals were not correct. In this the defendant has failed, and the judgment appealed from must, therefore, be reversed.

The valuation agreed upon in the bill of lading which is not attacked, was $500 per hundred pounds, or $356.00 Plaintiff's claim must be limited to this sum.

It is, therefore, ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of plaintiff, Mrs. Mary Kelly Bank, divorced wife of Hugh Kelly, and against the defendant, the Illinois Central Railroad Company, for the full sum of Three Hundred and Fifty-six Dollars, with legal interest from judicial demand until paid, and the costs of both courts.

May 16, 1910.

Rehearing refused June 13, 1910.